# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Anna M. Powell, | ) |
|               Plaintiff, | ) Civil Action No.: 8:17-cv-01398-JMC |
| v. | ) **ORDER** |
| Commissioner of Social Security Administration, | ) |
|               Defendant. | ) |

This matter is before the court for review of Magistrate Judge Jacquelyn D. Austin's ("Magistrate Judge") Report and Recommendation ("Report") filed on July 25, 2018 (ECF No. 23). The Report addresses Plaintiff Anna M. Powell's ("Plaintiff") claim for disability benefits and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner"). (ECF No. 23 at 1.) For the reasons herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** Plaintiff's claim for additional administrative action.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 23.) However, as brief background, the Administrative Law Judge ("ALJ") determined that Plaintiff had severe and non-severe impairments, but possessed a residual functional capacity to perform light work and was therefore capable of performing "her past relevant work as a cashier and telemarketer." (*Id.* at 3.) The ALJ denied Plaintiff disability benefits on this basis because Plaintiff was not disabled for purposes of the Social Security Act ("the Act"). (*Id.* at 2-3.) Plaintiff requested the Appeals Council ("the

Council") to review the ALJ's decision, however, Plaintiff was denied that request. (*Id.* at 3.) Thus, the ALJ's decision is the final decision of the Commissioner. *Moody v. Chater*, 1995 WL 627714, at *1 (4th Cir. Oct. 26, 1995) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on May 26, 2017. (ECF No. 1.)

In the Report, the Magistrate Judge concluded that the ALJ committed reversible error by failing to comply with the requirements of SSR 82-62. (ECF No. 23 at 20.) More specifically, the Magistrate Judge's Report notes that the court could not find substantial evidence that Plaintiff is capable of performing her past relevant work because there is not a discussion of that work. (*Id.* at 21.) On this basis, the Report recommended that the court reverse the decision of the Commissioner and remand the case for further administrative proceedings. (*Id.* at 21.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

The parties were apprised of their opportunity to file objections to the Report on July 25, 2018. (ECF No. 23.) On August 8, 2018, the Commissioner notified the court that there would be no objection to the Magistrate Judge's Report. (ECF No. 25.) Similarly, Plaintiff has not filed any objection to the Report.

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). In the instant case, the court has carefully examined the findings of the Report and concludes that the ALJ's decision was not supported by substantial evidence as it relates to Plaintiff's disability. (ECF No. 23 at 21.) Since no specific objections were filed by either party, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 23) and incorporates it herein. The Commissioner's decision is therefore **REVERSED** and **REMANDED** for further administrative action in accordance with 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 15, 2018
Columbia, South Carolina